FILED
2019 Nov-08 PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MARTINEZ CURRY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 7:16-cv-1819-RDP-GMB |
| **FELICIA THROWER, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge filed a report on August 27, 2019, recommending that Defendants' motion for summary judgment be granted and the federal claims in this action be dismissed with prejudice. (Doc. # 43). The Magistrate Judge further recommended that Plaintiff's state-law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367. (*Id.*). Plaintiff filed objections to the report and recommendation on October 16, 2019 (Doc. # 48).

Plaintiff's first objection (doc. # 48 at 6) is directed toward the Magistrate Judge's statement that a § 1985 conspiracy claim requires a showing that the defendants acted with "racial or otherwise class based animus." (Doc. # 43 at 10). Plaintiff cites *Kush v. Rutledge, 460 U.S. 719 (1983)* for the proposition that no such showing is required. However, the *Kush* case involved claims asserted under §

1985(2), and the ruling was specific to that subsection of the statute. The claims asserted in Plaintiff's complaint are asserted under § 1985(3).

Plaintiff also contends that the Magistrate Judge wrongly concluded that the abuse of process claim was due to be dismissed as meritless. (Doc. # 48 at 7). Plaintiff contends that Document 37-1 "clearly shows [the defendants] acted outside of boundaries of legitimate procedure." (*Id*. at 8). This objection is without merit. The Magistrate Judge correctly concluded that Plaintiff had failed to establish an essential element of an abuse of process claim.

In his discussion of Plaintiff's malicious prosecution claim and the essential elements required for that claim, the Magistrate Judge concluded, *inter alia,* that the state court proceedings on which the claim is based were not concluded in Plaintiff's favor. (Doc # 43 at 13). Plaintiff objects to that conclusion, arguing that Defendants sought to have Plaintiff revoked on his underlying fifteen-year sentence, yet he was only revoked to serve his split sentence. (Doc. # 48 at 8; Doc. # 23-1 at 46-49). This objection is frivolous. The state court revocation proceedings clearly did not end in Plaintiff's favor, as he was revoked from community corrections and ordered to serve time in the state penitentiary. The Magistrate Judge correctly concluded that Plaintiff had failed to establish a necessary element of his malicious prosecution claim.

Plaintiff next objects to the Magistrate Judge's conclusion that the false imprisonment claim is due to be dismissed on the basis of the *Rooker-Feldman* doctrine. (Doc. # 48 at 8). Plaintiff contends that the state court "did not rule on the merits of over detention but ruled upon the notion that [he] was seeking some sort of credit toward his sentence in error." (*Id*. at 9). He therefore contends that the fourth factor necessary to establish *Rooker-Feldman* (*i.e*., that the state court either adjudicated the issue that is now before the federal court, or that issue was inextricably intertwined with the state court's judgment) is not established in the record before this court. (*Id*. at 9). However, as the Magistrate Judge correctly concluded, the issue of "over detention" was inextricably intertwined with the state court proceedings which concluded with a final adjudication on May 7, 2018. Furthermore, the Magistrate Judge also correctly recognized that the specific issue of Defendants' alleged conspiracy to cause "over detention" could have been raised in Plaintiff's Rule 32 petition but was not. (Doc. # 43 at 15, n. 14).

Finally, Plaintiff objects to the Magistrate Judge's statement in footnote 15 of the Report and Recommendation that the "over detention" issue was raised in the context of the § 1985 conspiracy claim, a claim that was rejected on the merits. (Doc. # 43 at 16). Although the accuracy or inaccuracy of the Magistrate Judge's footnote would have no bearing on the ultimate outcome of this matter, it is notable that paragraphs 19 and 20 of Plaintiff's Amended Complaint allege that it was

Defendants' "conspiracy to effect overdetention" that caused his damages and that "[t]he essential elements of a 42 U.S.C. § 1985 claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) and act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." (Doc. # 23 at 7). This language clearly demonstrates Plaintiff's intent to assert the "over detention" claim in the context of his §1985 conspiracy claim, a claim that the Magistrate Judge correctly concluded was meritless. Accordingly, Plaintiff's objections to the report and recommendation are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Finding that no genuine issues of material fact exist, the court **ORDERS** that Defendants' motion for summary judgment (doc. # 29) is due to be **GRANTED**. Accordingly, Plaintiff's federal claims are due to be dismissed with prejudice. Plaintiff's state law claims are due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1367. A separate Final Judgment will be entered.

Plaintiff's motion to amend the complaint (doc. # 47) is **DENIED**. The court's October 31, 2018 Order notified Plaintiff that no further amendments would be allowed absent good cause shown. (Doc. # 24 at 2). Plaintiff has failed to demonstrate good cause to allow an amendment at this late date in the proceedings.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion and Order and its accompanying Final Judgment on Plaintiff and on counsel of record.

**DONE** and **ORDERED** this November 8, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE